■ MALOCO REALTY CORP., Appellant, v. TOWN OF BROOKHAVEN PLANNING BOARD, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination approving petitioner's application for a certain land subdivision, but conditioning the approval upon petitioner's paying a "drainage contribution" ($7,000, on the basis of about $1,200 per acre), petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered October 22, 1968, which vacated the determination but remanded the matter to respondent for reconsideration. Judgment affirmed, without costs. In our opinion, in the special circumstances of this case, the "drainage contribution" demanded does not qualify as an "appropriate" condition for waiving the drainage requirements of the subdivision regulations (Town Law, § 277, subd. 3), in that the stipulated sum does not represent a uniform area rate applicable to every development and keyed to the actual and contemplated expenditures by the municipality for the purpose of providing proper drainage therein (cf. *Jenad, Inc.* v. *Village of Scarsdale*, 18 N Y 2d 78; *Billings Props.* v. *Yellowstone County*, 144 Mont. 25; *Jordan* v. *Menomonee Falls*, 28 Wis. 2d 608, app. dsmd. 385 U. S. 4). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EDWARD BLACK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 17, 1968 on resentence, convicting him of murder, upon a plea of guilty, and sentencing him to a term of 15 years to life imprisonment. Judgment affirmed. Defendant argues, relying upon *United States* v. *Jackson* (390 U. S. 570), that his guilty plea was tainted by the inherently coercive nature of our death penalty statute. Under the terms of our statute the death penalty may be imposed, when appropriate, only upon a jury verdict of guilty (Penal Law, § 125.30). In *Jackson* the Supreme Court of the United States held that under such a statutory scheme the death penalty is unconstitutional since it needlessly encourages the taking of guilty pleas. Defendant is not, however, entitled to relief herein. Even if it is proven that he would have invoked his right to a trial but for the possibility of the imposition of the death penalty, the plea is not thereby rendered involuntary (*Brady* v. *United States*, 397 U. S. 742). We have considered and rejected defendant's remaining contentions. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.